UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **JERMERA MARQUEZ MAYO** | **CIVIL ACTION NO. 07-0760** |
| **VS.** | **SECTION P** |
| **MADISON PARISH SHERIFF'S OFFICE, ET AL** | **JUDGE JAMES** |
| | **MAGISTRATE JUDGE HAYES** |

<u>**REPORT AND RECOMMENDATION**</u>

Before the court is a civil rights complaint (42 U.S.C. §1983) filed *in forma pauperis* on April 25, 2007, by *pro se* plaintiff Jermera Marquez Mayo. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections;[1] he is incarcerated at the Madison Parish Detention Center, MPDC, Tallulah, Louisiana. Plaintiff complains that he was denied prompt and appropriate medical treatment for an injury he sustained on March 9, 2007. He named as defendants the Madison Parish Sheriff's Office, Madison Parish Sheriff Larry Cox, and MPDC Warden Jimmy Shivers. He prays for compensatory damages including medical expenses and compensation for and pain and suffering.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the complaint be **DENIED** and **DISMISSED WITH PREJUDICE** as frivolous.

---

[1] Plaintiff has provided a DOC identification number, 447242.
See also, http://www.vinelink.com/offender/detail.jsp?siteID=19000&offenderSID=11256004

### *Statement of the Case*

Plaintiff, an inmate in the custody of the LDOC, is housed at MPDC. On March 9, 2007, plaintiff was playing basketball when another inmate accidently caused injury to plaintiff's foot. Plaintiff requested medical attention but was advised that the facility nurse was not available at that time. On March 11, 2007, plaintiff again requested medical attention. Plaintiff had been assigned a top bunk, but when he requested assistance, an unnamed corrections officers permitted him to temporarily move to a vacant bottom bunk.

Plaintiff was examined by the facility nurse on March 16, 2007. She applied an "ace bandage," provided ibuprofen for pain, and advised plaintiff that she would put plaintiff on sick-call to see a physician. The nurse observed that plaintiff's foot was swollen and plaintiff advised her that the injury was to his Achilles tendon and not his ankle. He again requested a bottom bunk. The nurse suggested that he trade bunks with a willing inmate.

On March 20, 2007, plaintiff was not called for "sick-call" and so did not see a physician. When plaintiff finally complained to a deputy, he was given another "sick-call" form and told to re-submit his request.

On March 22, 2007, plaintiff was again examined by the facility nurse. The nurse then referred plaintiff to the E.A. Conway Hospital on March 23, 2007. At the hospital, plaintiff's foot was x-rayed and an MRI was performed. Plaintiff was advised to return on March 26, 2007. When he returned to E.A. Conway, the physician advised plaintiff that his Achilles tendon was torn and surgery was scheduled for the next day. On March 27, 2007, an operation was performed and plaintiff was returned to MPDC where he was confined to lock-down and provided pain medication.

*Law and Analysis*

*1. Initial Review*

When a prisoner sues an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986). District courts must construe *in forma pauperis* complaints liberally, but they are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*,

47 F.3d 1427, 1433 (5th Cir.1995). Furthermore, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Plaintiff's original complaint provides a detailed description of the facts relied upon to support his specific theories of liability with respect to the defendants. Therefore, further amendment of these pleadings would serve no useful purpose. Accepting all of plaintiff's allegations as true, the undersigned concludes, for the reasons stated hereinafter, that the plaintiff's claims are frivolous.

## *2. Medical Care*

Plaintiff implies that he was denied appropriate and adequate medical care while he was incarcerated at the MPDC during the period from March 9, 2007 – March 27, 2007. Medical care claims asserted by convicted prisoners, such as plaintiff, are analyzed under the Eighth Amendment's prohibition of cruel and unusual punishment. In order to prevail on such claims, convicts must establish that the refusal or delay in providing medical care was "sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

Deliberate indifference in the context of the failure to provide reasonable medical care to a convicted prisoner means that: (1) the prison officials were aware of facts from which an inference of substantial risk of serious harm could be drawn; (2) the officials actually drew that inference; and (3) the officials' response indicated that they subjectively intended that harm occur. *Thompson v. Upshur County, Texas*, 245 F.3d at 458-59. "[T]he failure to alleviate a

significant risk that [the official] should have perceived, but did not is insufficient to show deliberate indifference." *Domino v. Texas Department of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001)(emphasis supplied). Moreover, "deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm." *Thompson*, 245 F.3d at 459 (emphasis supplied). "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir.1997); see also *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir.1999). The fact that a plaintiff disagrees with what medical care is appropriate does not state a claim of deliberate indifference to serious medical needs. See *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir.1997).

     Plaintiff has not alleged facts sufficient to establish deliberate indifference in this context. With regard to his complaint that he was denied prompt and adequate medical care following his accidental injury, it should be noted that plaintiff named only two persons – Sheriff Cox and Warden Shivers – as defendants; however, he has not shown that either the Sheriff or the Warden were aware of facts from which an inference of substantial risk of serious harm could be drawn. Further, even if he had made such a showing, he has failed to show that either the Sheriff or the Warden actually drew such an inference and that their response to plaintiff's complaints indicated that they subjectively intended that harm occur to the plaintiff. *Thompson v. Upshur County, Texas*, 245 F.3d 447, 458-459 (5th Cir.2001).

     Even if plaintiff were permitted to amend the complaint to name additional defendants, his claim would fare no better. The following allegations of fact have been accepted as true for the purposes of this Report: (1) Plaintiff was accidentally injured through no fault of the

defendants on March 9.  (2) His initial request for medical attention was denied because the facility nurse was not available. (3) He waited two days before requesting medical attention and within a week he was examined by the nurse who provided him with an ace bandage and ibuprofen for pain.  (4) The nurse apparently arrived at a diagnosis at odds with the ultimate diagnosis; however, this initial mis-diagnosis is insufficient to establish deliberate indifference. See *Domino v. Texas Department of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001).  (5) In any event, within a week of this event, plaintiff was again seen by the nurse who concluded that plaintiff's injury was indeed more serious than it initially appeared. (6) Accordingly, within a day of that event plaintiff was taken to a hospital and provided with a series of diagnostic exams. (The delay between the hospital examinations on March 23 and the day plaintiff's condition was ultimately diagnosed by the treating physician at  E. A. Conway Hospital cannot fairly  be attributed to the defendants.) (7)  In any event, plaintiff was promptly diagnosed by the treating physician at E. A. Conway and the appropriate treatment was provided.

At worst, plaintiff's complaint implies that someone at MPDC was  negligent with respect to the treatment of plaintiff's complaints.  However, as shown above, "deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm." *Thompson*, 245 F.3d at 459.

In short, the facts alleged herein, taken as true for the purposes of this Report, do not establish that the defendants were deliberately indifferent to any serious medical needs. Plaintiff's medical care claims against Warden Shivers and Sheriff Cox are frivolous.[2]

---

[2] Further, plaintiff's claims against the Madison Parish Sheriff's Office are also frivolous.. In Louisiana the Parish Sheriff's Offices are not legal entities capable of suing or being sued.  *Ruggiero v. Litchfield*, 700 F.Supp. 863, 865 (M.D.La.1988).

Accordingly,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglass v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED** in Chambers at Monroe, Louisiana, this 2nd day of August, 2007.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE